IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| LARRY JONES, | ) |
|    Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 15-00431-KD-N |
| | ) |
| RICKY LYONS, *et al.*, | ) |
|    Defendants. | ) |

## REPORT AND RECOMMENDATIONS

Plaintiff Larry Jones, an Alabama prison inmate proceeding *pro se* and *in forma pauperis*, filed a complaint under 42 U.S.C. § 1983. This action was referred to the undersigned for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(B) and S.D. Ala. GenLR 72(a)(2)(R), and is now before the undersigned on the Motion for Summary Judgment of defendants Rickey Lyons, Amanuel Dubose, Jennifer Austin, Jeffery Gray, Famous Abston, Thomas Phifer, and James Harris (Doc. 55),[1] and Jones' amended complaint (Doc. 7)[2] and his response to defendant's motion for summary judgment (Doc. 64). After consideration of these pleadings and the evidence presented by the parties, and for the reasons set forth below, it is recommended that summary judgment be granted for defendants Rickey Lyons and Jennifer Austin and

---

[1] Each defendant in this matter filed a separate answer and special report, which is reflected in the Court's order converting their answers and special reports to a motion for summary judgment. (Doc. 55 at 1).

[2] Jones signed the amended complaint under penalty of perjury. (Doc. 7 at 13). Therefore, it will be treated as an affidavit. *Perry v. Thompson,* 786 F.2d 1093, 1095 (11th Cir. 1996) (holding that a sworn complaint containing specific facts is required to be considered on summary judgment).

that summary judgment be denied, at this time, with respect to defendants Dubose, Austin, Gray, Abston, Phifer, and Harris. It is further recommended that defendants Lyons and Austin be dismissed with prejudice from this action.

## I. <u>Summary Judgment Standards</u>

Federal Rule of Civil Procedure 56(a) provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law summary judgment shall be granted." FED.R.CIV.P. 56(a) (2010). "A party asserting that a fact cannot be or is genuinely disputed must support" its position with affidavits or declarations, depositions, documents admissions, interrogatory answers, electronically stored information, or other materials, or point out the flaw in the adverse party's position. FED.R.CIV.P. 56(c)(1) (2010).

On summary judgment, the trial court's function is not "to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986). "The mere existence of some evidence to support the non-moving party is not sufficient for denial of summary judgment; there must be 'sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party.'" *Bailey v. Allgas, Inc.*, 284 F.3d 1237, 1243 (11th Cir. 2002) (quoting *Anderson,* 477 U.S.

at 249). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson,* 477 U.S. at 249–250, 106 S.Ct. at 2511.

The basic issue before the court on a motion for summary judgment is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id.* at 251–252, 106 S. Ct. at 2512. The moving party bears the burden of proving that no genuine issue of material fact exists. *O'Ferrell v. United States,* 253 F.3d 1257, 1265 (11th Cir. 2001). In evaluating the argument of the moving party, the court must view all evidence in the light most favorable to the non-moving party, and resolve all reasonable doubts about the facts in its favor. *Burton v. City of Belle Glade,* 178 F.3d 1175, 1187 (11th Cir. 1999). "If reasonable minds could differ on the inferences arising from undisputed facts, then a court should deny summary judgment." *Miranda v. B & B Cash Grocery Store, Inc.,* 975 F.2d 1518, 1534 (11th Cir. 1992).

Once the movant satisfies his initial burden, the non-moving party "must make a sufficient showing to establish the existence of each essential element to that party's case, and on which that party will bear the burden of proof at trial." *Howard v. BP Oil Company,* 32 F.3d 520, 524 (11th Cir. 1994) (citing *Celotex Corp. v. Catrett,* 477 U.S. 317, 324 (1986)). Otherwise stated, the non-movant must "demonstrate that there is indeed a material issue of

fact that precludes summary judgment." *Clark v. Coats & Clark, Inc.,* 929 F.2d 604, 608 (11th Cir.1991). To do so, the non-moving party must submit affidavits or other acceptable forms of evidence, provided for by Rule 56 of the Federal Rules of Civil Procedure, to show a genuine issue of fact for trial, which is more than relying on unverified allegations or denials. *Williams v. Aircraft Workers Worldwide, Inc.,* 832 F. Supp.2d 1347, 1352 (S.D. Ala. 2011). "A mere 'scintilla' of evidence supporting the [non-moving] party's position will not suffice; there must be enough of a showing that the jury could reasonably find for that party." *Walker v. Darby,* 911 F.2d 1573, 1577 (11th Cir. 1990). "[T]he nonmoving party may avail itself of all facts and justifiable inferences in the record taken as a whole." *Tipton v. Bergrohr GMBH–Siegen,* 965 F.2d 994, 998 (11th Cir. 1992). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986) (internal quotation and citation omitted).

## II. Analysis.

### A. Brief Factual Summary of the Present Action.

In Jones's amended complaint (Doc. 7), he named Lyons, Dubose, Austin, Gray, Abston, Phifer, and Harris as defendants for violating his civil rights. The alleged violations began on June 13, 2015, in J-dorm at Fountain Correctional Center, when Jones stabbed defendant Rickey Lyons multiple

times. (Doc. 28-1, Lyons's affidavit; Doc. 1 at 8, disciplinary report). Jones then walked to the front of the dorm without a knife and with his hands in front of his body. (Doc. 7 at 10). When back-up officers for Lyons arrived, Jones complied with their orders to get down on the floor. (*Id.*). Jones was placed in handcuffs with his hands behind his back. (*Id.* at 11; Doc. 30-1 (defendant Dubose's affidavit – "I instructed inmate Jones to l[ie] face down on the floor and to place his hands behind his back so I could properly restrain inmate Jones by securing handcuffs on him."). After being handcuffed, Jones was then escorted to L-side segregation's walk yard. (Doc. 7 at 10). Once in the segregation area, force, allegedly by defendants Dubose, Gray, Abston, Phifer, and Harris, was used on Jones while his hands were in handcuffs behind his back, resulting in injuries to him. (Docs. 7, 64, 43-1 at 2-3, 45-1 at 2-3); *see* Doc. 64 at 6 (Jones' affidavit – "the video camera clearly shows these officers beating me inmate Jones while I'm handcuffed behind my back.").

### B. Claim Against Defendant Lyons.

In the amended complaint, Jones claims that defendant Lyons "sent [these] his colleagues after me to kill me." (Doc. 7 at 4, brackets in original). Defendant Lyons maintains that he "would never ask [his] co-workers to ever do anything for me that would jeopardize their careers. After [he] was stabbed, [he] was escorted to the Fountain CF Health Care Unit and then transferred to Atmore Community Hospital, by ambulance. So, [he] didn't

even have a chance to carry out these allegations." (Doc. 28-1 at 1 – Lyons' affidavit). Jones does not rebut defendant Lyons' sworn statement.

Defendant Lyons was the victim of Jones' assault and was injured from multiple stab wounds, which caused him to be taken the Health Care Unit and then transferred to the local hospital by ambulance. (Doc. 28-1 at 1). Defendant Lyons is identified as a correctional officer, not a superior officer who can issue orders to other officers. (Doc. 28-1 at 1). No showing was made that defendant Lyons had the capacity to direct others to take action, nor was a showing made that another officer heard and acted upon Lyons' alleged statement. Rather, the actions allegedly taken by other prison officials appear to be independent action on their part. Furthermore, no showing has been made that defendant Lyons is involved in any other claims in this action.

A successful § 1983 action requires a showing of a violation of a constitutional or federal right by a person acting under color of state law. *Harvey v. Harvey*, 949 F.2d 1127, 1130 (11th Cir. 1992) (citing *Flagg Brothers, Inc. v. Brooks,* 436 U.S. 149, 156-57 (1978)). Here, Jones made no showing of a violation of a constitutional right by defendant Lyons with evidence that is more than a scintilla. Accordingly, no genuine issue of a material fact exists. Defendant Lyons is, therefore, due to be granted summary judgment on Jones' claims against him in this action.

## C. Claim Against Defendant Austin.

In the amended complaint, Jones alleges that after he was assaulted on the walk yard and was finally able to rise to his feet, defendant Austin "appeared at the front of the walk fence with Officer Harris . . . . Sgt. Austin had her mace in her hand telling me that 'they w[ere]n't finish[ed] with me and I was going to die today.' She wanted to mace me but I wouldn't get close enough so she could. . . . I had the nurse to put the statement that Sgt. Austin made to me on the walk yard [in the record] [.]" (Doc. 7 at 10-11). Jones describes this claim against defendant Austin as one for "terror[ist] threats civil rights violation." (Doc. 7 at 4, 9). In response to these allegations, defendant Austin denied making any terrorist threats and stated that her "only involvement in this matter [was] taking pictures of Inmate Jones' injuries in the incident[.]" (Doc. 39-1 at 2). In Jones's reply affidavit, he states that after defendant Harris retrieved his identification card from his body, defendant Harris returned with defendant Austin "who was trying to mace him . . . and [was] telling me that 'they w[ere]n't finished with me and that I was going to die today.'" (Doc. 64 at 6). And defendant Harris states in his affidavit that after inmate Jones was secured, defendant "Austin entered to take photographs of Inmate Jones." (Doc. 51-1 at 2). No other allegations are present referring to defendant Austin.

In a § 1983 action, verbal abuse and taunts, no matter how distressing, do not state a claim that is actionable. *Edwards v. Gilbert,* 867 F.2d 1271,

1274 n.1 (11th Cir. 1989); *see Hernandez v. Florida Dep't of Corrs.*, 281 F. App'x 862, 866 (11th Cir.) (finding prison officials' verbal abuse and threats did not state a claim for a violation of the Eighth Amendment, as officials never carried them out and verbal abuse alone does not state a constitutional claim), *cert. denied,* 555 U.S. 1184 (2009); *Stacey v. Ford,* 554 F. Supp. 8, 9 (N.D. Ga. 1982) (holding that allegations of verbal abuse and threats by prison officials are not grounds for relief under § 1983); *McFadden v. Lucas,* 713 F.2d 143, 146 (5th Cir.) (finding that mere threatening language and gestures by a prison official do not amount to a constitutional violation), *cert. denied,* 464 U.S. 998 (1983). Thus, defendant Austin's threatening comments and gesture indicating that she may, but did not, deploy mace do not demonstrate a violation of the Constitution. As a consequence, a § 1983 claim is not stated against defendant Austin.

Inasmuch as no other allegations are directed to defendant Austin and no other constitutional claim against her can be construed from these facts, defendant Austin is due be granted summary judgment on this claim.

### D. Claims Against Defendants Dubose, Gray, Abston, Phifer, and Harris.

Turning to the other defendants in this action, the undersigned finds that, after carefully reviewing the amended complaint (Doc. 7), defendants' summary judgment motion (which includes the individual answers and special reports of defendants Amanuel Dubose, Jeffery Gray, Famous Abston, Thomas Phifer, and James Harris) (Doc. 55), and Jones's affidavit together

with his response to defendants' motion for summary judgment (Doc. 64), a genuine issue of material fact exists with respect to the claims against defendants Dubose, Gray, Abston, Phifer, and Harris. *See* Doc. 64 at 5-6 (Jones's sworn affidavit describing the assault on him by Dubose, Gray, Abston, Phifer, and Harris). To the extent Jones's version of the subject incident contradicts that of Dubose, Gray, Abston, Phifer, and Harris, "[t]he contradiction presents a classic swearing match, which is the stuff of which jury trials are made. To be sure, [Jones]'s sworn statements are self-serving, but that alone does not permit [the Court] to disregard them at the summary judgment stage. As w[as] stated in *Price v. Time, Inc.,* 416 F.3d 1327, 1345 (11th Cir . 2005), '[c]ourts routinely and properly deny summary judgment on the basis of a party's sworn testimony even though it is self-serving.' " *Feliciano v. City of Miami Beach*, 707 F.3d 1244, 1253 (11th Cir. 2013). At this time, it is recommended that the summary judgment motion be denied with respect to the claims against defendants Dubose, Gray, Abston, Phifer, and Harris.

### III. Conclusion.

Based upon the foregoing reasons, it is recommended that the motion for summary judgment be granted for defendants Lyons and Austin and be denied as to defendants Dubose, Gray, Abston, Phifer, and Harris. Accordingly, it is recommended that defendants Lyons and Austin be dismissed from this action with prejudice.

# NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b); S.D. Ala. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this the 9th day of August 2017.

>  */s/ Katherine P. Nelson*
>  **UNITED STATES MAGISTRATE JUDGE**