IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **LARRY JONES, AIS #165087** ) | |
|     **Plaintiff,** ) | |
| ) | |
| **v.** ) | |
| ) | **CIVIL ACTION 15-00431-KD-N** |
| **RICKEY LYONS,** *et al.,* ) | |
|     **Defendants.** ) | |

**ORDER**

This matter is before the Court on prisoner Plaintiff Larry Jones (Jones)' Motion in Limine (Doc. 104) and Defendants' Response (Doc. 118).[1]

Specifically, Jones moves to prevent "Defendants from discussing in opening or closing argument, introducing any evidence concerning, or touching upon or mentioning that the Plaintiff did or was alleged to have attacked Ricky Lyon[s] or any other officer, or in any way did anything prior to the scene of the Defendants' attack to provoke the Defendants' attacks upon him…" (Doc. 104 at 1). Jones contends his "alleged provocation took place both temporally and geographically removed from the assault he suffered. There is absolutely no relevancy between the two incidents and no purpose except to inflame the jury and unjustifiably prejudice the plaintiff." (Id. at 3-4).

In so doing, Jones seeks to exclude evidence which appears to be a factor when analyzing excessive force claims. As explained in Broadhead v. McCovery, 2016 WL 1445317, *10 (S.D. Ala. Feb. 25, 2016 – R&R - adopted):

> To establish a constitutional violation for excessive use of force, Plaintiff must first show that the alleged wrongdoing was objectively "harmful enough" to establish a constitutional violation, meaning Defendant's conduct "shocks the conscience," *Lumley v. City of Dade City, Fla.*, 327 F.3d 1186, 1196 (11th Cir.2003), and, second, Plaintiff must show that "the officials act[ed] with a sufficiently culpable state of mind," i.e., that they acted "maliciously and

---

[1] This is a prisoner Section 1983 Eighth Amendment excessive force case.

sadistically to cause harm." *Hudson v. McMillian*, 503 U.S. 1, 6–8…(1992). Under the Eighth Amendment, force is deemed legitimate in a custodial setting as long as it is applied 'in a good faith effort to maintain or restore discipline [and not] maliciously and sadistically to cause harm.'" *Skrtich v. Thornton*, 280 F.3d 1295, 1300 (11th Cir.2002) (quoting *Whitley v. Albers*, 475 U.S. 312, 320–21…(1986)).

In the prison security context, the factors used to determine whether there has been a violation of the Eighth Amendment are: 1) the need for the application of force, 2) the relationship between that need and the amount of force used, 3) the threat reasonably perceived, 4) any efforts to temper the severity of a forceful response, and 5) the extent of injury suffered. *Hudson*, 503 U.S. at 7 (citing *Whitley*, 475 U.S. at 321). The courts recognize that corrections officials often must make decisions "in haste, under pressure, and frequently without the luxury of a second chance.'" *Id*. at 6 (citing *Whitley*, 475 U.S. at 320). Therefore, "'the question whether the measure taken inflicted unnecessary and wanton pain and suffering ultimately turns on 'whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm.'" *Id*. (citations omitted).

See also Whitley v. Alberts, 475 U.S. 312, 320-321 (1986) (finding that "equally relevant are such factors as the extent of the threat to the safety of staff and inmates, as reasonably perceived by the responsible officials on the basis of the facts known to them[]"); Pearson v. Taylor, 655 Fed. Appx. 858, 863-864 (11th Cir. 2016) (same). To assess such Eight Amendment claims courts consider then – in part -- what was known to prison guards when the force was used/applied, and their reasonable perceptions based on that knowledge. The other prison guards' awareness of Jones having stabbed a fellow guard just a few minutes prior to their application of force on Jones may be relevant to the "threat reasonably perceived"/"facts known" factor.

The Court finds -- at this juncture -- that Jones' motion is due to be denied based on a preliminary determination and given what is presently before the Court. Accordingly, it is **ORDERED** that Plaintiff's motion in limine (Doc. 104) is **DENIED** at this time.[2]

**DONE** and **ORDERED** this the **25th** day of **September 2018.**

/s/ Kristi K. DuBose
**KRISTI K. DuBOSE
CHIEF UNITED STATES DISTRICT JUDGE**

---

2 This ruling is subject to reconsideration at trial.